# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| WILLIAM N. LEDFORD,<br><br>      Plaintiff,<br><br>v.<br><br>MICHAEL BAENEN, AMY BASTEN, RANDY MATTISON, CATHY JESS, YANA PUSICH, C.O. LEURQUIN, SMA CONSTRUCTION SERVICES, MIKE ABHOLD, BURT FEUCHT, and SOCIETY INSURANCE COMPANY,<br><br>      Defendants. | Case No. 16-CV-665-JPS<br><br><br><br>**ORDER** |

  Plaintiff William N. Ledford ("Ledford"), a prisoner proceeding *pro se*, filed this action to recover for injuries he allegedly sustained from the discharge of noxious fumes in his cell block during construction of a new bathhouse at Green Bay Correctional Institution. (Docket #55). In his amended complaint, Ledford asserts claims for violations of his constitutional rights under the Eighth Amendment pursuant to 42 U.S.C. § 1983. *Id.* at 16. He also raises claims of negligence, negligent supervision, and negligent infliction of emotional distress under Wisconsin state law. *Id.* at 22–26. The defendants include an array of prison officials, as well as private individuals and entities associated with the construction work. This latter group includes Mike Abhold, Burt Feucht, SMA Construction Services, and Society Insurance Company (collectively, the "Construction Company Defendants").

The Construction Company Defendants have moved to dismiss all claims against them. (Docket #75). First, they argue that as private citizens, they did not act under color of state law as required to sustain a claim under Section 1983. (Docket #74 at 5–7). Second, they contend that the state-law claims against them are barred by the applicable statute of limitations. *Id.* at 7–8. The motion is fully briefed and, for the reasons stated below, it will be granted as to the constitutional claim and denied as to the state-law claims.

1. **The Construction Company Defendants are Not State Actors**

A cause of action under Section 1983 requires that the defendants acted under the color of state law. *Fries v. Helsper*, 146 F.3d 452, 457 (7th Cir. 1998). Generally, private parties do not act under the color of state law, but they may nevertheless be subject to suit under Section 1983 if a plaintiff can demonstrate "some nexus between the conduct complained of and the state, state official, or some state entity." *Musso v. Suriano*, 586 F.2d 59, 64 (7th Cir. 1978); *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 349–51 (1974).

Ledford alleges that the Construction Company Defendants were state actors because they contracted with the prison to construct a new bathhouse. As has been explained to Ledford several times, this contention lacks merit. *See* (Docket #7, #13, #54). A private party can be considered a state actor when "a state effectively directs, controls, or encourages [his] actions," or when "a state delegates a 'public function' to a private entity." *Wade v. Byles*, 83 F.3d 902, 905 (7th Cir. 1996); *Payton v. Rush-Presbyterian-St. Luke's Med. Ctr.*, 184 F.3d 623, 628 (7th Cir. 1999).

Neither circumstance applies to the Construction Company Defendants. As to the first, there is no allegation that the state directed them to monitor or address the fumes impacting the prisoners and staff. As to the

second, although these defendants worked on a contract from the state, "[t]he simple fact that a private entity performs a function that serves the public does not transform its conduct into state action." *Wade*, 83 F.3d at 905. Instead, the relationship must rise to the level where the private entity becomes effectively an arm of the state by performing functions that are "traditionally the exclusive prerogative of the State." *Id.* In other words, "it takes more than just a business relationship to transform a private entity into a state actor." (Docket #7 at 7).

Here, the Construction Company Defendants' contract with the state was limited to construction work, which is not traditionally the exclusive prerogative of the state. The mere fact that they were working on a state prison facility did not mean that the state delegated to them its responsibility to protect prisoners' constitutional rights; that responsibility always remained with the state. *See White v. Cooper*, 55 F. Supp. 2d 848, 859 (N.D. Ill. 1999). Only the prison officials had the authority to relocate the prisoners or ensure that the fumes did not enter the cell block. The Construction Company Defendants did not assume this obligation simply by virtue of their contractual relationship with the state. As a consequence, they were not state actors.

Ledford depends on *Rodriguez v. Plymouth Ambulance Service*, 577 F.3d 816 (7th Cir. 2009), to argue against this result, but the case does not aid him. There, a Wisconsin state prisoner was transported to a hospital by a private ambulance service. *Id.* at 819–20. He later sued under Section 1983 for pain and injuries he sustained from a misplaced IV in his arm. *Id.*

The Seventh Circuit determined that on the state of the pleadings, it could not answer the question whether the ambulance service engaged in state action. *Id.* at 829–30. To reach this conclusion, the court examined the

"trilateral relationship" involving the prison, the ambulance service, and the prisoner. *Id.* Although the inmate alleged that the ambulance service employees had provided medical care to him, establishing that there was a relationship between the ambulance service and state prisoners, it was unclear whether the ambulance services had done so pursuant to a contract or whether they had done so as part of a municipal service available to all persons needing emergency medical care. *Id.* Because it was not clear whether a relationship existed between the prison and the ambulance service, the Seventh Circuit held that it could not be decided at the pleading stage whether the ambulance service employees had acted under color of state law. *Id.*

*Rodriguez* does not control the outcome in this case. Ledford alleges that the prison and the construction company entered into a contract to build a new bathhouse. There is no allegation, nor can it be reasonably inferred, that as part of that contract, the construction company accepted responsibility for caring for the prisoners. As the Seventh Circuit noted in *Rodriguez*, "[t]o the degree that a private entity does not replace, but merely assists the state. . ., the private entity's responsibility for the level of [prisoner] care becomes more attenuated, and it becomes more difficult to characterize its actions as the assumption of a function traditionally within the exclusive province of the state." *Id.* at 828. Here, while the prison and the Construction Company Defendants had a business relationship, the prisoners and the Construction Company Defendants had no relationship at all. Without some relationship between the private entity and the prisoners, the Construction Company Defendants cannot be considered state actors. *Id.*

Ledford clings to communications he received in 2014 from the Correctional Management Services Director, Amy Basten ("Basten"), explaining that she would not provide him with the name of the construction company or its employees because, pursuant to the Wisconsin Administrative Code, the construction company, as an independent contractor, was considered "staff" and he was not permitted to possess identifying information about prison staff. *See* (Docket #77 at 7); (Docket #8-1 at 15–16). Further, he claims that the Construction Company Defendants are being indemnified by the state—an allegation that they deny. (Docket #77 at 7); (Docket #79 at 5–6). Ledford believes that these facts establish that the Construction Company Defendants are state employees.

This is not true, since, as Magistrate Judge David E. Jones cogently explained in an earlier order,

> the prison's analysis of which entities and people are "staff" for purposes of determining whether to disseminate personal contact information to prisoners is very different from the Court's analysis of whether an entity or person is a state actor for purposes of § 1983 liability. In the first, the definition of staff will necessarily be broad to protect private information from public dissemination; in the second, the definition will necessarily be narrow, to protect private parties from liability for actions that are within the exclusive province of the state. The circumstances giving rise to the analyses are so different that one does not inform or have any bearing on the other.

(Docket #13 at 4). Ledford gives no reason to doubt the magistrate's sound reasoning on this point. Moreover, these claims do nothing to make up for the lack of a relationship between the Construction Company Defendants and the inmates directly. This was the key in *Rodriguez*, and Ledford's allegations fail to fill this gap, even construing them generously in his favor, as the standard of review requires. *Kubiak v. City of Chicago*, 810 F.3d 476,

480 (7th Cir. 2016). The constitutional claim against the Construction Company Defendants will be dismissed.[1]

**2.    Plaintiff's State-Law Claims Against the Construction Company Defendants are Not Barred by the Statute of Limitations**

As to the state-law claims pending against them, the Construction Company Defendants argue that they are time-barred. Ledford's negligence claims are governed by a three-year statute of limitations. Wis. Stat. § 893.54(1m)(a). In Wisconsin, a claim accrues when there is an injury capable of redress, a suable party, and a party who may bring the claim. *Pritzlaff v. Archdiocese of Milwaukee*, 533 N.W.2d 780, 785 (Wis. 1995). The limitations period begins to run "on the date the injury is discovered or with reasonable diligence should be discovered, whichever occurs first." *Hansen v. A.H, Robins, Inc.*, 335 N.W.2d 578, 583 (Wis. 1983).[2]

---

[1] When Magistrate Jones, to whom the case was originally assigned, screened the amended complaint, he found that the Eighth Amendment claim against the Construction Company Defendants could not proceed because they did not act under color of state law. (Docket #54 at 3). Normally, there would be no need for these defendants to request dismissal of the claim, since in prisoner litigation no claims may proceed unless and until the court allows them. *See* 28 U.S.C. § 1915A(b) (noting that the court on screening must identify the cognizable claims); *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004). However, in light of the limitations on a magistrate's power to dismiss claims enunciated in *Coleman v. Labor & Industry Review Commission of Wisconsin*, 860 F.3d 461 (7th Cir. 2017), the Court has independently analyzed the viability of the Eighth Amendment claim and found it lacking.

[2] Ledford asserts that his claims are subject to a six-year statute of limitations, citing *Hicks v. Nunnery*, 643 N.W.2d 809 (Wis. Ct. App. 2002). He is mistaken. In *Hicks*, the court found that a legal malpractice claim did not involve injuries to the plaintiff's person, and therefore the catch-all six-year statute of limitations under Wis. Stat. § 893.53, which covers injuries to "character or other rights," applied in place of the three-year limitations period under Section 893.54 for injuries to the person. *Id.* at 816–17. Here, Ledford claims both physical and emotional injuries from the noxious fumes he inhaled and Defendants' alleged indifference to his plight. *See* (Docket #55 ¶¶ 69, 140–41). Although emotional

Ledford alleges that he was exposed to toxic fumes emanating from the construction work between November 2013 and April 2014. (Docket #55 ¶ 85). He allegedly complained about these fumes "[b]etween November 2013 and January 2014." *Id.* ¶ 39. Consequently, it appears that Ledford was aware of his alleged injuries and believed the injuries were caused by the fumes coming from the construction work at some point between November 2013 and, at the latest, April 2014. As a result, say the Construction Company Defendants, Ledford had until April 2017 to file a complaint asserting these claims against the Construction Company Defendants. (Docket #74 at 8).³

---

harm is in some ways conceptually distinct from bodily harm, *see* Restatement (Third) of Torts: Phys. & Emot. Harm § 45 (2012), the law treats both as an injury to the person, *see Bowen v. Lumbermens Mut. Cas. Co.*, 517 N.W.2d 432, 442 n.23 (Wis. 1994). Consequently, Wisconsin courts subject claims for negligent infliction of emotional distress to the same three-year limitations period as claims for bodily injuries. *See Sawyer v. Midelfort*, 595 N.W.2d 423, 438 (Wis. 1999); *Braun v. Duren*, 568 N.W.2d 652, 1997 WL 213199, at *1 n.2 (Wis. Ct. App. 1997). By contrast, Ledford's Eighth Amendment claim is subject to the six-year limitations period because constitutional claims are viewed as alleging an injury to the prisoner's rights. *Cannon v. Newport*, 850 F.3d 303, 305–06 (7th Cir. 2017). Ledford's allegation that Defendants violated his "right to be free from toxic fumes" does not change this result, for this is at worst a violation of a duty of care, not a violation of a constitutional right. Thus, the three-year limitations period controls Ledford's state-law claims.

³Ledford contends that because he is a prisoner, the limitations period for his claims did not begin to run until he had fully exhausted his prison administrative remedies. But this principle only applies to constitutional claims brought pursuant to Section 1983, as they have an administrative exhaustion requirement. *See Johnson v. Rivera*, 272 F.3d 519, 521 (7th Cir. 2001); *Hoban v. Anderson*, 688 F. App'x 385, 389 (7th Cir. 2017). Ledford's state-law claims do not have a similar exhaustion requirement, and his need to exhaust remedies in anticipation of a potential constitutional claim therefore has no effect on the limitations period for his state-law claims. Moreover, even assuming he was entitled to a period of tolling while he exhausted his Eighth Amendment claim, by his own admission the prison grievance process was completed on March 21, 2014,

In the original complaint, filed on June 6, 2016, Ledford named the Construction Company Defendants as Does because he did not know their true identities. (Docket #1). He asserted both constitutional and state-law claims against them. *Id.* at 11–12. Magistrate Jones dismissed the constitutional claim because they are not state actors, as detailed above. (Docket #7 at 7). He also implicitly declined to exercise supplemental jurisdiction under 28 U.S.C. § 1367(a) over the state-law claims asserted against the Construction Company Defendants. *See id.* at 7–8; (Docket #54 at 3–5). The magistrate did, however, allow both constitutional and state-law claims to proceed against the prison officials. (Docket #7 at 7–8).

Ledford moved for leave to file an amended complaint a few days after the screening order issued, and in that amended complaint, he named the Construction Company Defendants using their real identities. *See* (Docket #8, #8-1). Magistrate Jones denied the motion for leave to amend the complaint, again based on the failure to allege state action, (Docket #13), and denied Ledford's motion to reconsider that decision, (Docket #14, #15). Ledford did not try to resurrect his claims against these defendants again until he submitted a second motion to amend his complaint on November 20, 2017. (Docket #50).

That motion was granted on December 21, 2017. (Docket #54). In this second screening order, Magistrate Jones acknowledged that the state-law claims had originally not been allowed to proceed against the Construction Company Defendants. *Id.* at 3–5. The magistrate observed that while exercising supplemental jurisdiction over the state-law claims made against

---

(Docket #77 at 4), which is prior to Defendants' asserted limitations cut-off date of April 2017.

the prison officials was appropriate because a federal claim had been allowed to proceed against them, the facts and claims relating to the Construction Company Defendants were different from the facts and claims relating to the prison officials, making the exercise of supplemental jurisdiction inadvisable. *Id.*

However, upon screening the amended complaint, Magistrate Jones noted that similar state-law claims were allowed to proceed against the Construction Company Defendants in *Cox v. Baenen*, 15-CV-395-PP (E.D. Wis.). That case is very similar to this one, arising from the same construction work and involving a group of prison officials and the Construction Company Defendants. In *Cox*, the Construction Company Defendants have had ample time to undertake discovery on claims much like Ledford's. (Docket #54 at 3–5). In view of the lack of prejudice to the Construction Company Defendants, the magistrate allowed Ledford's state-law claims to proceed against them. *Id.*

Magistrate Jones did not grapple with the statute-of-limitations question during screening. Now that they have been served, the Construction Company Defendants claim that Ledford was nine months late in filing a viable complaint against them. The Court disagrees, finding that these defendants suffered no prejudicial lack of notice of this suit.[4]

First, it is worth observing that if Magistrate Jones had at the start allowed the state-law claims against the Construction Company

---

[4] To be clear, the Court need not and does not make any finding on Ledford's argument that he exercised reasonable diligence in discovering the identities of these defendants and should therefore be given the benefit of the discovery rule. (Docket #77 at 9). His request to convert this motion into a motion for summary judgment in light of factual disputes about his diligence will be denied as moot. (Docket #80).

Defendants to proceed under the Court's supplemental jurisdiction, Ledford certainly would have identified them within the limitations period. Indeed, in his first motion to amend his complaint, filed on June 27, 2016, Ledford used their real identities. (Docket #8, #8-1). Thus, Ledford tried to make a timely state-law claim against the properly identified Construction Company Defendants but was refused by the Court. Although it is a prisoner's responsibility to ensure he states claims that can survive screening, *see supra* note 1, the fact that the Court itself forestalled his attempts to notify these defendants of the pending suit makes it harder to conclude that he bears direct responsibility for his present predicament.

Second, although the Construction Company Defendants may complain that they are prejudiced by this late change of course, in reality, that prejudice is slight and does not weigh in favor of applying the limitations bar. As Magistrate Jones observed, the Construction Company Defendants have been defending *Cox* since mid-2016, well before the alleged expiration of Ledford's limitations period in April 2017. *Cox* involves allegations nearly identical to Ledford's, and the Construction Company Defendants have had a large period of time in which to assemble the facts and evidence needed to mount their defense in that case, which will likely be quite similar to their defense here. Indeed, the Construction Company Defendants deposed Ledford in September 2017, *see* (Docket #79-1), indicating they have already been gathering evidence relevant to this action. Furthermore, at a minimum the Construction Company Defendants had actual notice of Ledford's claims no later than August 29, 2016, when Ledford filed a motion to consolidate his action with *Cox*. That motion was ultimately denied by the judge in *Cox*, but its filing placed these defendants on notice of Ledford's suit.

There is a dearth of authority on how the notice principles animating statutes of limitation interact with the unique fact of prisoner litigation that the Court itself plays a role in providing notice to the defendants of pending claims. Because it must always treat *pro se* filings generously, the Court finds it equitable to grant the prisoner the benefit of the doubt in this instance. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Thus, while Ledford may have filed his amended complaint outside the limitations period, the prejudice to Ledford in dismissing his state-law claims would be substantial and the burden on the Construction Company Defendants to defend against them would not be not onerous. As a result, the Court concludes that the limitations bar should not be applied in this case, and it will deny the motion to dismiss the state-law claims on that ground. Those claims shall be permitted to proceed under the Court's supplemental jurisdiction.

Accordingly,

**IT IS ORDERED** that the Construction Company Defendants' motion to dismiss the amended complaint (Docket #75) be and the same is hereby **GRANTED in part** and **DENIED in part**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for relief under Federal Rule of Civil Procedure 12(d) (Docket #80) be and the same is hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that Plaintiff's claims under Section 1983 against Defendants Mike Abhold, Burt Feucht, SMA Construction Services, and Society Insurance Company be and the same are hereby **DISMISSED**.

Dated at Milwaukee, Wisconsin, this 9th day of April, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge