# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

WILLIAM N. LEDFORD,

                Plaintiff,

v.

MICHAEL BAENEN, AMY BASTEN,
RANDY MATTISON, CATHY JESS,
YANA PUSICH, C.O. LEURQUIN, SMA
CONSTRUCTION SERVICES, MIKE
ABHOLD, BURT FEUCHT, and
SOCIETY INSURANCE COMPANY,

                Defendants.

Case No. 16-CV-665-JPS

**ORDER**

      Plaintiff, who is incarcerated at Waupun Correctional Institution, filed a *pro se* complaint claiming his civil rights were violated while he was incarcerated at Green Bay Correctional Institution ("GBCI"). *See* (Docket #55). He has filed a motion to compel discovery responses under Federal Rule of Civil Procedure 37, contending that the State Defendants have not adequately responded to his requests for production of documents. (Docket #118). For the reasons stated below, the motion will be granted in part.[1]

      Plaintiff requested "any video tapes, photos, camera shots, CDs, security camera recordings or other like medium or format, at the [North Cell Hall] east side (A1–37) between November 1, 2013 and June 1, 2014."

---

[1]Plaintiff originally referenced two requests for production in his motion, but in light of Defendants' response, he withdrew his request for an order compelling a further response as to one of the two requests for production. *See* (Docket #125 at 4). Thus, the Court will not address that discovery request further.

(Docket #119-1 at 5). In this request, Plaintiff seeks visual depictions of the housing unit where he says he was exposed to noxious fumes, called the North Cell Hall. (Docket #118 at 1–2). He desires to show that the construction of the unit, including the placement of a firewall on the east side of the North Cell Hall, caused the fumes to build up in the area where he was housed. *Id.* at 2–3. Defendants object to the request, citing institutional security concerns inherent in disclosing images of prison facilities to inmates and the privacy or confidentiality concerns of persons depicted in video or still images. (Docket #123 at 2–3).

The Court finds that production of a single clear, still image of the each of the sought-after areas—the "tier, firewall, air intakes, and windows," (Docket #118 at 3)—which does not depict any person and contains no information identifying it as part of an incident or conduct report should be sufficient to satisfy Plaintiff's needs. It will also adequately accommodate the institution's security, privacy, and confidentiality concerns, as still images of areas that inmates see every day are unlikely to raise a real danger of escape, and the images cannot be tied to a confidential incident or conduct report if there is no information so identifying it. *See* (Docket #123 at 3); (Docket #119-1 at 6–7).

The Court finds unavailing Defendants' complaint that Plaintiff lacks expert testimony on how the construction of the unit affected his exposure to fumes. This may well be true, but discovery is not limited to information which, in Defendants' estimation, will be admissible or useful at trial. Plaintiff's request certainly exceeds the minimum threshold of relevance and proportionality sufficient to make the information he seeks discoverable. Fed. R. Civ. P. 26(b)(1).

Similarly, the Court will not deny the motion based on Plaintiff's failure to meet and confer prior to its filing. Good-faith efforts to meet and confer in order to avoid Court involvement in discovery disputes is a critical feature of the federal and Local discovery rules. *See* Fed. R. Civ. P. 37(a)(1); Civ. L. R. 37. Yet, given the history of this case, including direct authorization by the prior presiding judge to bring this very motion, *see* (Docket #118 at 2), the failure to formally meet and confer is not an obstacle here.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to compel discovery responses (Docket #118) be and the same is hereby **GRANTED in part** as stated herein. The State Defendants shall provide a supplemental response to Plaintiff's Request for Production No. 5 as required by this Order no later than **seven (7) days** from the date of this Order.

Dated at Milwaukee, Wisconsin, this 30th day of May, 2018.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge